UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

CIVIL ACTION, FILE NUMBER _____

|  |  |  |
|---|---|---|
| CLARENCE GILREATH, and EDITH GILREATH, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| — v. — | ) ) | *COMPLAINT* |
| SALVATORE MANCUSO, Detective, The Incorporated Village of Hempstead, THOMAS SALERNO, Detective, The Incorporated Village of Hempstead, JAMES RUSSO, The Chief of Police, The Incorporated Village of Hempstead, THE INCORPORATED VILLAGE OF HEMPSTEAD, | ) ) ) ) ) ) ) ) ) | EACH PLAINTIFF DEMANDS TRIAL BY JURY |
| Defendants. | ) ) ) | |

CV 02 6307

SEYBERT, J.
LINDSAY, M.J.

## Introductory Statement

1.      This is a civil action under Section 1983 of Title 42 of the United States Code, together with related claims arising under the laws of the State of New York. Plaintiffs seek monetary damages against the Defendants for injuries that the Defendants caused while they were acting under color of New York State law, which acts deprived Plaintiffs of their rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Such acts also give rise to causes of action for assault,

battery, intentional infliction of emotional distress, and negligent hiring, retention and supervision under the laws of the State of New York.

2.     This action arises from events that occurred in on September 7, 2001, in THE INCORPORATED VILLAGE OF HEMPSTEAD (hereinafter, "HEMPSTEAD VILLAGE"). After Plaintiff CLARENCE GILREATH had peaceably submitted to arrest, Defendants SALVATORE MANCUSO (hereinafter, "MANCUSO") and THOMAS SALERNO (hereinafter, "SALERNO"), detectives employed by the HEMPSTEAD VILLAGE Police Department (hereinafter, the "H.V.P.D."), unjustifiably struck CLARENCE GILREATH about the head and body, with a police radio and with their fists. As a result of these blows, CLARENCE GILREATH suffered serious physical injury, including loss of consciousness, long-term vision damage and chronic headaches, as well as mental anguish and severe emotional distress. The aforementioned assault occurred in the immediate presence of CLARENCE GILREATH'S 64-year-old mother EDITH GILREATH, during which time one officer threatened to kick EDITH GILREATH in the face and to arrest her without probable cause. As a result of this incident, EDITH GILREATH has suffered severe emotional distress, terror, long-term sleep deprivation and diminished appetite. The official policy, custom, practice and usage of Defendants JAMES RUSSO (hereinafter, "RUSSO"), Chief of the HEMPSTEAD VILLAGE Police Department, and HEMPSTEAD VILLAGE, as well as said Defendants' failure to properly supervise their employees, caused the aforedescribed actions by MANCUSO and SALERNO, resulting in the deprivation of Plaintiffs' constitutional rights. Similarly, RUSSO and HEMPSTEAD VILLAGE are liable under a

2

state law theory of negligent hiring, retention and supervision. HEMPSTEAD VILLAGE is vicariously liable for the actions of its employees MANCUSO, SALERNO and RUSSO in connection with Plaintiffs' state law claims.

## The Parties

3.     Plaintiff CLARENCE GILREATH resided in Nassau County, New York State, United States of America, at all times material to this Complaint.

4.     Plaintiff EDITH GILREATH resided in Nassau County, New York State, United States of America, at all times material to this Complaint.  EDITH GILREATH is CLARENCE GILREATH'S mother.

5.     Defendant MANCUSO was a detective employed by the H.V.P.D. at all times material to this Complaint.  H.V.P.D. headquarters is located at 99 Nichols Court, Hempstead, Nassau County, New York State, United States of America,

6.     Defendant SALERNO was a detective employed by the H.V.P.D. at all times material to this Complaint.

7.     Defendant RUSSO was Chief of the H.V.P.D. at all times material to this Complaint.

8.     Defendant HEMPSTEAD VILLAGE was a municipal corporation organized under the laws of the State of New York at all times material to this Complaint.

3

## Facts Common to All Counts

9.      The Court has jurisdiction of this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

10.     The Court has jurisdiction of this action under 28 U.S.C. § 1331.

11.     The Court has jurisdiction of this action under 28 U.S.C. § 1367.

12.     Plaintiff sues each Defendant in both an individual and an official capacity.

13.     Upon information and belief, HEMPSTEAD VILLAGE employed MANCUSO, SALERNO, RUSSO, and each of them, at all times material to this complaint.

14.     Each Defendant acted under color of the statutes, case law, ordinances, regulations, policies, customs and usage of the State of New York, HEMPSTEAD VILLAGE, the H.V.P.D., and each of them, at all times material to this Complaint.

15.     Defendants MANCUSO, SALERNO, RUSSO, and each of them, acted within the scope of their employment by the H.V.P.D. at all times material to this Complaint.

16.     On November 8, 2001, within ninety (90) days after the state-law claims herein sued upon arose, Plaintiff CLARENCE GILREATH served a sworn, written notice of claim upon Defendant HEMPSTEAD VILLAGE, by delivering the original to the

4

HEMPSTEAD VILLAGE Clerk. At least thirty (30) days have elapsed since the service of the notice, payment has been neglected, and this action is commenced within one year and ninety days after the happening of the events upon which each claim is based.

17.     On November 8, 2001, within ninety (90) days after the state-law claims herein sued upon arose, Plaintiff EDITH GILREATH served a sworn, written notice of claim upon Defendant HEMPSTEAD VILLAGE, by delivering the original to the HEMPSTEAD VILLAGE Clerk. At least thirty (30) days have elapsed since the service of each notice, payment has been neglected, and this action is commenced within one year and ninety days after the happening of the events upon which each claim is based.

18.     On September 7, 2001, CLARENCE GILREATH was the subject of a bench warrant issued in connection with a matter entitled The People of the State of New York v. Clarence Gilreath, indictment number 2019N/1999 filed in County Court, Nassau County.

19.     At or about 5:15 p.m. on that date, MANCUSO and SALERNO entered 67 Terrace Avenue, a multi-unit apartment building located within HEMPSTEAD VILLAGE, attempting to locate CLARENCE GILREATH and effectuate an arrest pursuant to the bench warrant.

20.     MANCUSO and SALERNO stopped CLARENCE GILREATH as CLARENCE GILREATH walked out of a stairwell into a hallway located on the first floor of the residential apartment building located at 67 Terrace Avenue, Hempstead, New York.

5

21. The stop occurred within view of a security camera fixed within the first floor hallway.

22. CLARENCE GILREATH submitted to the stop without resistance.

23. Upon determining CLARENCE GILREATH'S identity, MANCUSO and SALERNO pulled CLARENCE GILREATH into a stairwell.

24. The stairwell was located outside the view of the first-floor security camera.

25. Inside the stairwell, MANCUSO and SALERNO struck CLARENCE GILREATH numerous times with their fists. They also struck CLARENCE GILREATH in the head with a walkie-talkie.

26. CLARENCE GILREATH lost consciousness as a result of the beating.

27. Emergency medical technicians removed CLARENCE GILREATH from 67 Terrace Avenue in a stretcher.

28. MANCUSO and SALERNO's beating of CLARENCE GILREATH occurred without lawful justification.

29. Prior to the use of force, CLARENCE GILREATH had not fled, attempted to flee, or threatened to flee from MANCUSO and SALERNO.

30. Prior to the use of force, CLARENCE GILREATH had not used, attempted to use, or threatened to use force against MANCUSO, SALERNO, or any other

person.

31.     Prior to the use of force, CLARENCE GILREATH had not engaged, attempted to engage, or threatened to engage in any criminal activity.

32.     CLARENCE GILREATH did not consent to being beaten.

33.     As a result of the beating by MANCUSO and SALERNO, CLARENCE GILREATH suffered serious physical injury, including loss of consciousness, long-term vision damage and chronic headaches, as well as mental anguish, severe emotional distress, fear, embarrassment and humiliation.

34.     The aforementioned police assault occurred in the immediate presence of CLARENCE GILREATH's mother, Plaintiff EDITH GILREATH.

35.     EDITH GILREATH pleaded with MANCUSO and SALERNO to stop beating her son.

36.     In response to this plea, the officers threatened to kick EDITH GILREATH in the face and arrest her.

37.     Prior to the threats, EDITH GILREATH had not used, attempted to use, or threatened to use force against MANCUSO, SALERNO, or any other person.

38.     Prior to the threats, EDITH GILREATH had not interfered, attempted to interfere, or threatened to interfere with the arrest of her son.

39.     Prior to the threats, EDITH GILREATH had not engaged, attempted to

engage, or threatened to engage in any criminal activity.

40.     As a result of this incident, EDITH GILREATH has suffered mental anguish, severe emotional distress, terror, long-term sleep deprivation, diminished appetite, fear, embarrassment and humiliation.

## As a 1st Cause of Action, By CLARENCE GILREATH vs. MANCUSO, SALERNO and HEMPSTEAD VILLAGE

41.     By this reference, CLARENCE GILREATH incorporates each and every allegation and averment set forth in paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42.     As aforedescribed, at or about 5:15 p.m. on September 7, 2001, MANCUSO, SALERNO, and each of them, intentionally made wrongful physical contact with CLARENCE GILREATH, and said contact occurred without CLARENCE GILREATH's consent.  Thus, MANCUSO and SALERNO are each liable for the tort of battery under New York State law.

43.     HEMPSTEAD VILLAGE is vicariously liable for the participation of MANCUSO, SALERNO, and each of them, in the battery of CLARENCE GILREATH.

44.     As a direct and proximate result of the actions of MANCUSO and SALERNO, CLARENCE GILREATH has suffered physical injury, including loss of consciousness, long-term vision damage and chronic headaches, as well as mental

8

anguish, severe emotional distress, fear, embarrassment and humiliation.

45.     The acts of MANCUSO and SALERNO were intentional, wanton, malicious and oppressive, thus entitling CLARENCE GILREATH to an award of punitive damages against said Defendants in each of their individual capacities.

46.     WHEREFORE, Plaintiff CLARENCE GILREATH prays for judgment against Defendants MANCUSO, SALERNO and HEMPSTEAD VILLAGE, jointly and severally, for compensatory damages in the sum of Five Million ($5,000,000.00) Dollars, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances; and against MANCUSO and SALERNO, jointly and severally, for punitive damages in the sum of Five Million ($5,000,000.00) Dollars.

## As a 2nd Cause of Action, By CLARENCE GILREATH vs. MANCUSO, SALERNO and HEMPSTEAD VILLAGE

47.     By this reference, CLARENCE GILREATH incorporates each and every allegation and averment set forth in paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48.     As aforedescribed, at or about 5:15 p.m. on September 7, 2001, MANCUSO, SALERNO, and each of them, intentionally placed CLARENCE GILREATH in fear of imminent harmful or offensive contact. Thus, MANCUSO and SALERNO are each liable for the tort of assault under New York State law.

49.     HEMPSTEAD VILLAGE is vicariously liable for the participation of MANCUSO, SALERNO, and each of them, in the assault of CLARENCE GILREATH.

50.     As a direct and proximate result of the actions of MANCUSO and SALERNO, as aforedescribed, CLARENCE GILREATH has suffered physical injury, including loss of consciousness, long-term vision damage and chronic headaches, as well as mental anguish, severe emotional distress, fear, embarrassment and humiliation.

51.     The acts of MANCUSO and SALERNO were intentional, wanton, malicious and oppressive, thus entitling CLARENCE GILREATH to an award of punitive damages against said Defendants in each of their individual capacities.

52.     WHEREFORE, Plaintiff CLARENCE GILREATH prays for judgment against Defendants MANCUSO, SALERNO and HEMPSTEAD VILLAGE, jointly and severally, for compensatory damages in the sum of Five Million ($5,000,000.00) Dollars, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances; and against MANCUSO and SALERNO, jointly and severally, for punitive damages in the sum of Five Million ($5,000,000.00) Dollars.

## As a 3rd Cause of Action, By CLARENCE GILREATH
## vs. MANCUSO, SALERNO and HEMPSTEAD VILLAGE

53.     By this reference, CLARENCE GILREATH incorporates each and every allegation and averment set forth in paragraphs 1 through 52 of this Complaint as though fully set forth herein.

10

54.     At or about 5:15 p.m. on September 7, 2001, Defendants MANCUSO, SALERNO, and each of them, caused extreme emotional distress to CLARENCE GILREATH by engaging in extreme and outrageous conduct as aforedescribed, with the intent to cause severe emotional distress to CLARENCE GILREATH or with disregard of a substantial probability of causing same.  Thus, MANCUSO and SALERNO are each liable for the tort of intentional infliction of emotional distress under New York State law.

55.     HEMPSTEAD VILLAGE is vicariously liable for the participation of MANCUSO, SALERNO, and each of them, in the intentional infliction of emotional distress upon CLARENCE GILREATH.

56.     As a direct and proximate result of the actions of MANCUSO and SALERNO, as aforedescribed, CLARENCE GILREATH has suffered physical injury, including loss of consciousness, long-term vision damage and chronic headaches, as well as mental anguish, severe emotional distress, fear, embarrassment and humiliation.

57.     The acts of MANCUSO and SALERNO were intentional, wanton, malicious and oppressive, thus entitling CLARENCE GILREATH to an award of punitive damages against said Defendants in each of their individual capacities.

58.     WHEREFORE, Plaintiff CLARENCE GILREATH prays for judgment against Defendants MANCUSO, SALERNO and HEMPSTEAD VILLAGE, jointly and severally, for compensatory damages in the sum of Five Million ($5,000,000.00) Dollars, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances; and against MANCUSO and SALERNO, jointly

and severally, for punitive damages in the sum of Five Million ($5,000,000.00) Dollars.

## As a 4th Cause of Action, By CLARENCE GILREATH

## vs. MANCUSO and SALERNO

59.     By this reference, CLARENCE GILREATH incorporates each and every

allegation and averment set forth in paragraphs 1 through 58 of this complaint as though

fully set forth herein.

60.     By using excessive force to arrest CLARENCE GILREATH on September

7, 2001, as aforedescribed, MANCUSO and SALERNO deprived CLARENCE

GILREATH of a) his right under the Fourth and Fourteenth Amendments to the United

States Constitution and 42 U.S.C. Section 1983, to be secure in his person against

unreasonable seizures; and b) his right under the Fifth and Fourteenth Amendment to the

United States Constitution and 42 U.S.C. Section 1983, not to be deprived of liberty

without due process of law.

61.     As a direct and proximate result of the actions of MANCUSO and

SALERNO, CLARENCE GILREATH has suffered physical injury, including loss of

consciousness, long-term vision damage and chronic headaches, as well as mental

anguish, severe emotional distress, fear, embarrassment and humiliation.

62.     The acts of Defendants MANCUSO and SALERNO, were intentional,

wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive

damages against said Defendants in their individual capacities.

63.     If CLARENCE GILREATH prevails, he is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

64.     WHEREFORE, Plaintiff CLARENCE GILREATH prays for judgment against Defendants MANCUSO and SALERNO, jointly and severally, for compensatory damages in the sum of Five Million and 00/100 ($5,000,000.00) Dollars, and for punitive damages in the sum of Five Million and 00/100 ($5,000,000.00) Dollars, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair under the circumstances.

## As a 5th Cause of Action, By CLARENCE GILREATH vs. RUSSO and HEMPSTEAD VILLAGE

65.     By this reference, CLARENCE GILREATH incorporates each and every allegation and averment set forth in paragraphs 1 through 64 of this complaint as though fully set forth herein.

66.     Defendants RUSSO, HEMPSTEAD VILLAGE, and each of them, had an unconstitutional, widespread, and pervasive policy of engaging in the beating of arrestees.

67.     This policy manifested itself in the beating of CLARENCE GILREATH by MANCUSO and SALERNO, as aforedescribed, in violation of CLARENCE GILREATH's right to be secure in his person against unreasonable seizures, and his right

13

not be deprived of liberty without due process of law.

68.     Thus, RUSSO and HEMPSTEAD VILLAGE, through their unconstitutional, widespread, and pervasive policy, deprived CLARENCE GILREATH of his rights secured under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

69.     As a direct and proximate result of RUSSO and HEMPSTEAD VILLAGE's policy of beating arrestees, CLARENCE GILREATH has suffered physical injury, including loss of consciousness, long-term vision damage and chronic headaches, as well as mental anguish, severe emotional distress, fear, embarrassment and humiliation.

70.     If CLARENCE GILREATH prevails, he is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

71.     WHEREFORE, Plaintiff CLARENCE GILREATH prays for judgment against Defendants RUSSO and HEMPSTEAD VILLAGE, jointly and severally, for compensatory damages in the sum of Five Million and 00/100 ($5,000,000.00) Dollars, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## As a 6th Cause of Action, By CLARENCE GILREATH

## vs. RUSSO and HEMPSTEAD VILLAGE

72.     By this reference, CLARENCE GILREATH incorporates each and every allegation and averment set forth in paragraphs 1 through 71 of this Complaint as though fully set forth herein.

73.     RUSSO, HEMPSTEAD VILLAGE, and each of them, knowingly, recklessly, or with deliberate indifference and callous disregard of CLARENCE GILREATH's rights, failed to adequately supervise MANCUSO or SALERNO in the performance of their duties.

74.     RUSSO and HEMPSTEAD VILLAGE's failure to adequately supervise MANCUSO and SALERNO resulted in the aforedescribed beating of CLARENCE GILREATH, in violation of CLARENCE GILREATH's right to be secure in his person against unreasonable seizures, and his right not be deprived of liberty without due process of law.

75.     Thus, RUSSO and HEMPSTEAD VILLAGE's failure to adequately supervise MANCUSO and SALERNO deprived CLARENCE GILREATH of his rights secured under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

76.     As a direct and proximate result of RUSSO and HEMPSTEAD VILLAGE's failure to supervise MANCUSO and SALERNO, CLARENCE GILREATH

has suffered physical injury, including loss of consciousness, long-term vision damage and chronic headaches, as well as mental anguish, severe emotional distress, fear, embarrassment and humiliation.

77.     If CLARENCE GILREATH prevails, he is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

78.     WHEREFORE, Plaintiff CLARENCE GILREATH prays for judgment against Defendants RUSSO and HEMPSTEAD VILLAGE, jointly and severally, for compensatory damages in the sum of Five Million and 00/100 ($5,000,000.00) Dollars, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances.

### As a 7th Cause of Action, By CLARENCE GILREATH vs. RUSSO and HEMPSTEAD VILLAGE

79.     By this reference, CLARENCE GILREATH incorporates each and every allegation and averment set forth in paragraphs 1 through 78 of this Complaint as though fully set forth herein.

80.     Prior to 5:15 p.m. on September 7, 2002, RUSSO, HEMPSTEAD VILLAGE, and each of them, knew or should have known that MANCUSO had a propensity to use excessive force against arrestees and others who came into contact with MANCUSO during MANCUSO's performance of his duties as a police officer.

81.   RUSSO, HEMPSTEAD VILLAGE, and each of them, knew or should have known that SALERNO had a propensity to use excessive force against arrestees and others who came into contact with SALERNO during SALERNO's performance of his duties as a police officer.

82.   RUSSO and HEMPSTEAD VILLAGE each owed a duty of reasonable care to protect CLARENCE GILREATH from the risk that MANCUSO and SALERNO might use excessive force during the exercise of their duties as detectives.

83.   RUSSO and HEMPSTEAD VILLAGE each breached their duty of care by failing to terminate employment or take other appropriate action when MANCUSO or SALERNO had used, attempted to use, or threatened to use excessive force in the past. Breach of this duty proximately caused CLARENCE GILREATH's injuries, by creating a foreseeable risk that arrestee CLARENCE GILREATH would be the victim of brutality at the hands of MANCUSO or SALERNO.

84.   CLARENCE GILREATH's injuries include loss of consciousness, long-term vision damage, chronic headaches, mental anguish, severe emotional distress, fear, embarrassment and humiliation.

85.   RUSSO and HEMPSTEAD VILLAGE are thus each liable for the tort of negligent hiring, retention and supervision under New York State law.

86.   Furthermore, HEMPSTEAD VILLAGE is vicariously liable for RUSSO's negligent hiring, retention and supervision of MANCUSO and SALERNO.

87.   WHEREFORE, Plaintiff CLARENCE GILREATH prays for judgment against Defendants RUSSO and HEMPSTEAD VILLAGE, jointly and severally, for compensatory damages in the sum of Five Million ($5,000,000.00) Dollars, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## As an 8th Cause of Action, By EDITH GILREATH
## vs. MANCUSO, SALERNO and HEMPSTEAD VILLAGE

88.   By this reference, EDITH GILREATH incorporates each and every allegation and averment set forth in paragraphs 1 through 87 of this Complaint as though fully set forth herein.

89.   As aforedescribed, at or about 5:15 p.m. on September 7, 2001, MANCUSO, SALERNO, and each of them, intentionally placed EDITH GILREATH in fear of imminent harmful or offensive contact by unlawfully beating CLARENCE GILREATH in his mother's presence, by threatening to kick EDITH GILREATH in the face without justification, and by threatening to arrest EDITH GILREATH without lawful justification.  Thus, MANCUSO and SALERNO are each liable for the tort of assault under New York State law.

90.   As a direct and proximate result of the actions of MANCUSO and SALERNO, EDITH GILREATH has suffered mental anguish, severe emotional distress, terror, long-term sleep deprivation, diminished appetite, fear, embarrassment and

18

humiliation.

91.    The acts of MANCUSO and SALERNO were intentional, wanton, malicious and oppressive, thus entitling EDITH GILREATH to an award of punitive damages against said Defendants in each of their individual capacities.

92.    HEMPSTEAD VILLAGE is vicariously liable for the participation of MANCUSO, SALERNO, and each of them, in the assault of EDITH GILREATH.

93.    WHEREFORE, Plaintiff EDITH GILREATH prays for judgment against Defendants MANCUSO, SALERNO and HEMPSTEAD VILLAGE, jointly and severally, for compensatory damages in the sum of Five Million ($5,000,000.00) Dollars, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances; and against MANCUSO and SALERNO, jointly and severally, for punitive damages in the sum of Five Million ($5,000,000.00) Dollars.

### As a 9th Cause of Action, By EDITH GILREATH vs. MANCUSO, SALERNO and HEMPSTEAD VILLAGE

94.    By this reference, EDITH GILREATH incorporates each and every allegation and averment set forth in paragraphs 1 through 93 of this Complaint as though fully set forth herein.

95.    At or about 5:15 p.m. on September 7, 2001, Defendants MANCUSO, SALERNO, and each of them, caused extreme emotional distress to EDITH GILREATH

by engaging in extreme and outrageous conduct as aforedescribed, with the intent to cause severe emotional distress to EDITH GILREATH or with disregard of a substantial probability of causing same.  The extreme and outrageous conduct includes unlawfully beating CLARENCE GILREATH in his mother's presence, threatening to kick EDITH GILREATH in the face without lawful justification, and threatening to arrest EDITH GILREATH without lawful justification.  Thus, MANCUSO and SALERNO are each liable for the tort of intentional infliction of emotional distress under New York State law.

96.     As a direct and proximate result of the actions of MANCUSO and SALERNO, EDITH GILREATH has suffered mental anguish, severe emotional distress, terror, long-term sleep deprivation, diminished appetite, fear, embarrassment and humiliation.

97.     The acts of MANCUSO and SALERNO were intentional, wanton, malicious and oppressive, thus entitling EDITH GILREATH to an award of punitive damages against said Defendants in each of their individual capacities.

98.     Defendant HEMPSTEAD VILLAGE is vicariously liable for the participation of MANCUSO, SALERNO, and each of them, in the intentional infliction of emotional distress upon EDITH GILREATH.

99.     WHEREFORE, Plaintiff EDITH GILREATH prays for judgment against Defendants MANCUSO, SALERNO and HEMPSTEAD VILLAGE, jointly and severally, for compensatory damages in the sum of Five Million ($5,000,000.00) Dollars, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and

appropriate under the circumstances; and against MANCUSO and SALERNO, jointly

and severally, for punitive damages in the sum of Five Million ($5,000,000.00) Dollars.

## As a 10th Cause of Action, By EDITH GILREATH
## vs. MANCUSO and SALERNO

100.    By this reference, EDITH GILREATH incorporates each and every

allegation and averment set forth in paragraphs 1 through 99 of this complaint as though

fully set forth herein.

101.    By brutalizing her son CLARENCE GILREATH in her presence, and then

threatening to kick EDITH GILREATH in the mouth and arrest her if she continued to

complain about the beating, MANCUSO and SALERNO retaliated against EDITH

GILREATH for exercising a) her right to intimate association; b) her right to free speech;

and c) her right to petition the government for a redress of grievances.

102.    Thus, MANCUSO and SALERNO violated EDITH GILREATH's rights

under the First and Fourteenth Amendments to the United States Constitution and 42

U.S.C. Section 1983.

103.    As a direct and proximate result of the actions of MANCUSO and

SALERNO, EDITH GILREATH has suffered mental anguish, severe emotional distress,

terror, long-term sleep deprivation, diminished appetite, fear, embarrassment and

humiliation.

104.    The acts of MANCUSO and SALERNO, were intentional, wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages against said Defendants in their individual capacities.

105.    If EDITH GILREATH prevails, she is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

106.    WHEREFORE, Plaintiff EDITH GILREATH prays for judgment against Defendants MANCUSO and SALERNO, jointly and severally, for compensatory damages in the sum of Five Million and 00/100 ($5,000,000.00) Dollars, and for punitive damages in the sum of Five Million and 00/100 ($5,000,000.00) Dollars, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair under the circumstances.

## As an 11th Cause of Action, By EDITH GILREATH vs. RUSSO and HEMPSTEAD VILLAGE

107.    By this reference, EDITH GILREATH incorporates each and every allegation and averment set forth in paragraphs 1 through 106 of this complaint as though fully set forth herein.

108.    On September 7, 2001, RUSSO and HEMPSTEAD VILLAGE each had an unconstitutional, widespread and pervasive policy of using threats, beatings and false arrests to chill complaints of brutality and other acts of police misconduct.

22

109.    Said policy manifested itself in MANCUSO and SALERNO's threats to kick EDITH GILREATH in the face and arrest her without cause after EDITH GILREATH had pleaded with MANCUSO and SALERNO to stop beating CLARENCE GILREATH.

110.    MANCUSO and SALERNO exercised RUSSO and HEMPSTEAD VILLAGE's policy against EDITH GILREATH, by threatening her in retaliation for having exercised her right to intimate association, her right to free speech, and her right to petition the government for a redress of grievances.

111.    Thus, Defendants RUSSO and HEMPSTEAD VILLAGE deprived EDITH GILREATH of her rights secured under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

112.    As a direct and proximate result of RUSSO and HEMPSTEAD VILLAGE's policy, custom, practice and usage, EDITH GILREATH has suffered mental anguish, severe emotional distress, terror, long-term sleep deprivation, diminished appetite, fear, embarrassment and humiliation.

113.    If EDITH GILREATH prevails, she is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

114.    WHEREFORE, Plaintiff EDITH GILREATH prays for judgment against Defendants RUSSO and HEMPSTEAD VILLAGE, jointly and severally, for compensatory damages in the sum of Five Million and 00/100 ($5,000,000.00) Dollars, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and

23

appropriate under the circumstances.

## As a 12th Cause of Action, By EDITH GILREATH

## vs. RUSSO and HEMPSTEAD VILLAGE

115.   By this reference, EDITH GILREATH incorporates each and every allegation and averment set forth in paragraphs 1 through 114 of this Complaint as though fully set forth herein.

116.   Acting under color of law, RUSSO, HEMPSTEAD VILLAGE, and each of them, knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiffs rights, failed to instruct, supervise, control or discipline, on a continuing basis or at all, MANCUSO and SALERNO a) in their duties to refrain from unlawfully and maliciously threatening civilians who complain about the actions of H.V.P.D. police officers; and b) in their duties to refrain from using excessive force against individuals in the presence of said individuals' family members.

117.   Thus, RUSSO and HEMPSTEAD VILLAGE deprived EDITH GILREATH of her right to intimate association, her right to freedom of speech, and her right to petition the government for a redress of grievances, as secured under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

118.   As a direct and proximate result of RUSSO and HEMPSTEAD VILLAGE's failure to instruct, supervise, control or discipline MANCUSO or SALERNO, EDITH GILREATH has suffered mental anguish, severe emotional distress,

terror, long-term sleep deprivation, diminished appetite, fear, embarrassment and humiliation.

119.    If EDITH GILREATH prevails, she is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

120.    WHEREFORE, Plaintiff EDITH GILREATH prays for judgment against Defendants RUSSO and HEMPSTEAD VILLAGE, jointly and severally, for compensatory damages in the sum of Five Million and 00/100 ($5,000,000.00) Dollars, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## As a 13th Cause of Action, By CLARENCE GILREATH

## vs. RUSSO and HEMPSTEAD VILLAGE

121.    By this reference, EDITH GILREATH incorporates each and every allegation and averment set forth in paragraphs 1 through 120 of this Complaint as though fully set forth herein.

122.    Prior to 5:15 p.m. on September 7, 2002, RUSSO and HEMPSTEAD VILLAGE each knew or should have known that MANCUSO had a propensity to unlawfully and maliciously threaten civilians who complained about the actions of H.V.P.D. police officers.

123.    RUSSO, HEMPSTEAD VILLAGE, and each of them, knew or should

have known that SALERNO had a propensity to unlawfully and maliciously threaten civilians who complained about the actions of H.V.P.D. police officers.

124.    RUSSO and HEMPSTEAD VILLAGE each owed a duty of reasonable care to EDITH GILREATH as a member of the public, to protect her from the known risk of seeing her child being beaten by MANCUSO and SALERNO.

125.    RUSSO and HEMPSTEAD VILLAGE each owed a duty of reasonable care to EDITH GILREATH as a member of the public, to protect her from the known risk of being threatened with brutality and false arrest by MANCUSO and SALERNO during the exercise of their duties as detectives.

126.    RUSSO and HEMPSTEAD VILLAGE each breached their duty of care by failing to terminate employment or take other appropriate action when MANCUSO and SALERNO have used excessive force, threatened to use excessive force, made false arrests or threatened to make false arrests in the past.  Breach of this duty proximately caused EDITH GILREATH's injuries, by creating a foreseeable risk that EDITH GILREATH the mother of an arrestee, would be the victim of threats made by MANCUSO and SALERNO.

127.    EDITH GILREATH's injuries include mental anguish, severe emotional distress, terror, long-term sleep deprivation, diminished appetite, fear, embarrassment and humiliation.

128.    RUSSO and HEMPSTEAD VILLAGE are thus each liable for the tort of negligent hiring, retention and supervision under New York State law.

129.   Furthermore, HEMPSTEAD VILLAGE is vicariously liable for RUSSO's negligent hiring, retention and supervision of MANCUSO and SALERNO.

130.   WHEREFORE, Plaintiff EDITH GILREATH prays for judgment against Defendants RUSSO and HEMPSTEAD VILLAGE, jointly and severally, for compensatory damages in the sum of Five Million ($5,000,000.00) Dollars, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances.

Dated: New York, New York
       December 1, 2002

Bruce A. Yerman – BY 2164

Bruce A. Yerman, Attorney at Law
Attorney for Plaintiff

351 Broadway
New York, New York 10013
Telephone: 646-613-0290